United States District Court
Southern District of Texas
**ENTERED**
March 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIO TORRES CORTEZ<br>TDCJ #792888,<br><br>  Plaintiff,<br><br>vs.<br><br>HARRIS COUNTY D.A., *et. al.*,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-19-0361 |

## **MEMORANDUM AND ORDER**

State inmate Julio Torres Cortez (TDCJ #792888) has filed a civil rights complaint against the Harris County District Attorney's Office and Harris County Child Protective Services ("CPS"), requesting declaratory and injunctive relief in connection with two state court convictions entered against him in 1996. Because Cortez is a prisoner who proceeds *in forma pauperis,* the Court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

I.  **BACKGROUND**

In 1996, Cortez was convicted of two separate counts of aggravated sexual assault of a child in Harris County Cause Nos. 715518 and 715520. According to a summary of the trial testimony presented by Cortez, the evidence against him was overwhelming [Doc. # 2, at 24-27]. Both victims testified that they were repeatedly sexually assaulted by Cortez and that they were also sexually assaulted by other men, who were identified as friends of Cortez, while Cortez was present [*Id*. at 24-25]. Cortez received a 75-year prison sentence in Cause No. 715518 after the State presented evidence that he sexually assaulted the child victim repeatedly over an extended period of time, resulting in severe traumatic injuries that required a colostomy. Cortez received a life sentence in Cause No. 715520, which featured allegations of sexual assault involving a different child. Both convictions were affirmed on direct appeal. *See Cortez v. State*, No. 14-97-00907-CR (Tex. App. — Houston [14th Dist. June 17, 1999, no pet.); *Cortez v. State*, No. 14-96-01196-CR (Tex. App. — Houston [14th Dist.] May 27, 1999, pet. ref'd).[1]

Cortez, who remains incarcerated at the Eastham Unit of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") as the result of these convictions, has now filed this lawsuit against the Harris County

---

[1] The Court takes judicial notice of these unpublished opinions, which are part of the record in a previous action filed by Cortez. *See Cortez v. Thaler*, Civil No. H-12-2869 [Doc. # 13-2, at 42-46; Doc. # 13-3, at 75-77].

District Attorney's Office and CPS. Cortez seeks access to video recordings of the children made by CPS during the investigation of the underlying offenses. Cortez believes that the videotapes may contain exculpatory evidence that could establish his actual innocence and a claim that the prosecution suppressed favorable evidence in violation of the Eighth Amendment, which prohibits cruel and unusual punishment, and the right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963). Invoking 42 U.S.C. § 1983, Cortez seeks declaratory relief in the form of a finding that the defendants have suppressed favorable evidence in violation of the Constitution and injunctive relief in the form of an order directing state officials to release the videotapes or have them transcribed so that he can use them to pursue post-conviction relief based on *Brady* or a free-standing claim of actual innocence [Doc. # 2, at 6].

## II. DISCUSSION

The Supreme Court has repeatedly held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In doing so, the Court has emphasized that a petition for a writ of habeas corpus is the exclusive remedy for a state prisoner challenging the fact or

3

duration of his confinement in an effort to achieve his release from custody. *See Preiser*, 411 U.S. at 489; *see also Heck*, 512 U.S. at 481.

It appears that Cortez has made several unsuccessful efforts to obtain habeas corpus relief in state court, although he provides no details about those proceedings. Cortez provides portions of a report from a private investigator who summarized the overwhelming evidence presented against Cortez at both trials and interviewed one of Cortez's defense attorneys [Doc. # 2, at 22-29]. According to that report, which is dated May 12, 2003, defense counsel reviewed the CPS videotapes before the trial and used some of that evidence during cross-examination of a CPS employee regarding techniques that were used to interview the children [Doc. # 2, at 27].

Cortez also presents a letter from a different private investigator hired by his family to obtain copies of the videotaped statements made by the child victims in his cases [Doc. # 2, at 8]. According to that letter, which is dated October 30, 2018, CPS will allow defense attorneys to view videotapes and take notes at their office, but copies are not allowed [*Id.*]. The letter further advises Cortez that it is not certain that any videotapes still exist due to the passage of time [*Id.*].

Cortez does not indicate that has availed himself of any state process in an effort to have an authorized representative view the videotapes or to ascertain whether the videotapes still exist in connection with his state court convictions,

which were entered against him more than twenty years ago in 1996. Likewise, he does not allege that he has sought leave through the state courts to obtain access to this evidence, if it still exists.

To the extent that Cortez attempts to assert a *Brady* violation as well as claims of prosecutorial misconduct and actual innocence, which necessarily imply the invalidity of his convictions, these claims are not cognizable under 42 U.S.C. § 1983, but must be brought in a habeas corpus petition. *See Skinner v. Switzer*, 562 U.S. 521, 536-37 (2011); *Dist. Atty's Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 68-75 (2009); *Heck*, 512 U.S. at 486-87; s*ee also Golden v. Fox*, 637 F. App'x 853, 854 (5th Cir. 2016) (holding that a prisoner's request for exculpatory statements are "within the traditional core of habeas corpus and outside the province of § 1983") (citing *Skinner*, 562 U.S. at 536) (internal quotation marks omitted). Because the relief sought is not available in a civil rights complaint under § 1983, the case must be dismissed for failure to state a claim upon which relief may be granted.[2]

---

[2] Court records reflect that Cortez has not previously sought federal habeas corpus relief from his convictions under 28 U.S.C. § 2254, although he did attempt to challenge an adverse decision in a post-judgment DNA proceeding. *See Cortez v. Thaler*, Civil No. H-12-2869, 2013 WL 4520038 (S.D. Tex. Aug. 26, 2013); *see also Cortez v. State*, Nos. 14-09-00149-CR & 14-09-00150-CR, 2010 WL 4013738 (Tex. App. — Houston [14th Dist.] Oct. 14, 2010, no pet.) (affirming the trial court's decision to deny Cortez's request for post-conviction DNA testing under Chapter 64 of the Texas of Code of Criminal Procedure and concluding that Cortez's appeal was "wholly frivolous"). The Court declines to recharacterize this case as a federal habeas proceeding because it is not clear

## III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Julio Torres Cortez is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk's Office will provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on March 13, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

that Cortez has attempted to raise a *Brady* claim or asserted his actual innocence on state habeas corpus review as required before seeking relief in federal court.